UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTHBROOK PLIC, LLC, NORTHBROOK VNBP, LLC, and NORTHBROOK SUB, LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>CVS PHARMACY, INC.,<br><br>        Defendant.<br><br>CVS PHARMACY, INC.,<br><br>        Third-Party Plaintiff,<br><br>        v.<br><br>GARDEN FRESH-NORTHBROOK, INC.,<br><br>        Third-Party Defendant. | Case No. 10 CV 0873<br><br>Honorable Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

Before the court is Garden Fresh-Northbrook's motion to dismiss CVS Pharmacy's amended third-party complaint. For the reasons set forth below, the motion is denied.

### I. BACKGROUND

Plaintiff Northbrook PLIC, LLC, Northbrook VNBP, LLC, and Northbrook Sub, LLC (collectively "plaintiffs" or "Northbrook") brought this action for declaratory relief and damages against CVS Pharmacy, Inc. ("CVS") for a default by LNT, Inc. ("LNT") under a 1994 lease and its successor leases ("the original lease agreement"). CVS' predecessor in interest was the guarantor of this original lease agreement. (Am. Third-

Party Compl. ¶ 14.) In 2003, LNT assigned its rights and obligations under the original lease agreement to Garden Fresh-Northbrook ("Garden Fresh"), which has occupied the premises from that time until the present. (Am. Third-Party Compl. ¶¶ 15-16.) In May 2008, LNT filed for bankruptcy. (Am. Third-Party Compl. ¶ 17.) On or about June 1, 2008, Garden Fresh ceased paying rent under the original lease agreement. (Am. Third-Party Compl. ¶ 18.) On or about July 31, 2008, Northbrook entered into a new lease with Garden Fresh ("the 2008 Lease"). (Am. Third-Party Compl. ¶ 22.) On August 30, 2008, as part of LNT's bankruptcy proceedings, the original lease agreement was rejected by operation of law. (Am. Third-Party Compl. ¶ 23.)

The guaranty executed by CVS' predecessor in interest was exceedingly broad. It stated that it was "irrevocable, absolute, present, continuing and unconditional" and was not "released or affected by" assignments, transfers, subleases, "amendments or modifications of the Lease" or "the granting of any license, concession or other agreement with respect to the Leased Premises." (Compl. Ex. 2) Further, it explicitly stated that "[t]he liability of the Guarantor shall not be impaired by reason of: A. The release or discharge of Tenant or any other guarantor in bankruptcy or other creditor's proceeding." (Compl. Ex. 2) The parties have not addressed Illinois law concerning if and when a guarantor is released based on changes in the contract which it guaranteed. *See, e.g., Chicago Exhibitors Corp. v. Jeepers! of Illinois, Inc.*, 376 Ill. App. 3d 599, 607 (Ill. App. Ct. 2007). Nor have they addressed the applicability of this usual rule of Illinois law to the broad guaranty at issue here. For purposes of the pending motion to dismiss, then, the court assumes that even though Northbrook and Garden Fresh entered

into a new lease in 2008, CVS remains liable as the guarantor under the original lease agreement.

CVS filed an amended third-party complaint against Garden Fresh, seeking to allege claims of equitable subrogation, implied indemnification, and unjust enrichment against Garden Fresh "in the event that it is found liable to Plaintiffs in an amount to be determined at trial." (Am. Third-Party Compl. at 6.) Garden Fresh has moved to dismiss CVS' amended third-party complaint, arguing that the 2008 Lease "vests Plaintiffs with no rights against Garden Fresh to which CVS can succeed." (Garden Fresh Reply Mem. at 2.)

## II. LEGAL STANDARD

Rule 12(b)(6) enables a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a 12(b)(6) motion, the court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). Legal conclusions, however, are not entitled to any assumption of the truth. *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, the complaint must provide the defendant with "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## III. ANALYSIS

Garden Fresh makes three arguments in support of its motion to dismiss CVS' amended third-party complaint. First, it argues that the 2008 Lease terminated the original lease agreement between Northbrook and Garden Fresh, bringing to an end any obligation that the original lease agreement imposed on Garden Fresh. (Garden Fresh's Mem. in Supp. of its Mot. to Dismiss at 6-7.) Second, it argues that CVS cannot allege that it has paid Northbrook for any obligations of Garden Fresh and thus fails to allege a prerequisite for claims of equitable subrogation. (Garden Fresh's Mem. in Supp. of its Mot. to Dismiss at 8-9.) Third, with respect to Count III of CVS' amended third-party complaint, Garden Fresh argues that a third-party (Garden Fresh) cannot be held liable for another's (CVS') breach of contract under the doctrine of implied indemnity. (Garden Fresh's Mem. in Supp. of its Mot. to Dismiss at 11-13.) With respect to Count IV, Garden Fresh argues (based on its first argument) that since the 2008 Lease extinguished Garden Fresh's obligations under the original lease agreement, CVS cannot argue that Garden Fresh has been unjustly enriched by its occupancy of the subject premises.[1] (Garden Fresh's Mem. in Supp. of its Mot. to Dismiss at 13-14.)

Garden Fresh's first argument is that the 2008 Lease completely supplanted its obligations under the original lease agreement; Garden Fresh's motion to dismiss CVS' subrogation and unjust enrichment claims depend on this argument. (Garden Fresh's Mem. in Supp. of its Mot. to Dismiss at 6-7, 9, & 13-14.) To reach this argument, the

---

[1] Garden Fresh moves to dismiss CVS' claim insofar as it is based on a theory of unjust enrichment for amounts paid on the guaranty after date of the 2008 Lease; July 2008. Garden Fresh does not appear to challenge CVS' unjust enrichment and equitable subrogation claims for any period preceding July 1, 2008. (Garden Fresh's Mem. in Supp. of its Mot. to Dismiss at 5-9 & 13-15.)

court must first determine whether or not it can consider the 2008 Lease, attached to Garden Fresh's Motion to Dismiss the Third Party Complaint, on a motion to dismiss, or whether considering the 2008 Lease would convert this motion into a motion for summary judgment (which the court is disinclined to do). Whether or not the court can consider the 2008 Lease depends on whether the 2008 Lease was referred to and is central to CVS' amended third-party complaint.[2] *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). It is clearly not. CVS' theory throughout its amended third-party complaint is that it is potentially liable under the original lease agreement's guaranty. (*See generally*, Am. Third-Party Compl.) While it mentions the 2008 Lease in setting out the facts of the case, (*see* Am. Third-Party Compl. ¶ 22), the 2008 Lease is neither referred to nor is central to any of its claims. Indeed, only the original lease agreement is central to CVS' amended third-party complaint. Since the 2008 Lease is not central to CVS' amended third-party complaint, the court cannot make findings about the effect of the 2008 Lease on the original lease agreement's guaranty without converting this motion into a motion for summary judgment. Given the contingent nature of CVS' claims, it is both premature and inefficient to attempt to reach the merits of CVS' claims at this time. Neither CVS' equitable subrogation or unjust enrichment claims can be evaluated without an inappropriate determination of the meaning of the 2008 Lease.

Garden Fresh's second argument can be easily disposed of. The court agrees with CVS that Federal Rule of Civil Procedure 14(a) allows a defending party to bring a third-party action against a non-party "who is or may be liable to it for all or part of the claim

---

[2] Presumably, the reason documents integral to the complaint may be considered on a motion to dismiss is that the viability of the complaint depends upon the documents; thus, consideration of the documents at the defendant's urging on a motion to dismiss cannot prejudice the plaintiff.

against it." Fed. R. Civ. P. 14(a)(1). Unless CVS is found liable to plaintiff Northbrook, CVS will be able to recover nothing from Garden Fresh. Nevertheless, Federal Rule of Civil Procedure 14(a) allows CVS to sue Garden Fresh contingent on a possible finding of liability against it. *See, e.g., Hecht v. Summerlin Life and Health Ins. Co.,* 536 F. Supp. 2d 1236, 1241-42 (D. Nev. 2008); *IHP Indus., Inc. v. PermAlert, ESP*, 178 F.R.D. 483, 487 (S.D. Miss. 1997); *Cmty. Fed. Sav. & Loan Ass'n v. Transamerica Ins. Co.,* 559 F. Supp. 536, 537 (D.C. Mo. 1983). Thus, Garden Fresh's second argument is rejected.

Garden Fresh's third argument is that "a stranger to a contract between two parties cannot be held liable to indemnify one of the parties for breach of contract absent the stranger's express agreement to indemnify." (Garden Fresh's Mem. in Supp. of its Mot. to Dismiss at 12 (*quoting Schulson v. D'Ancona & Pflaum LLC*, 354 Ill. App. 3d 572, 577 (Ill. App. Ct. 2005).) Garden Fresh argues that it was a stranger to CVS' guaranty with Northbrook (neither a party to the guaranty nor a party to a contract to indemnify CVS), and hence cannot be held liable to indemnify CVS under the doctrine of implied indemnity. (Garden Fresh's Mem. in Supp. of its Mot. to Dismiss at 12-13.)

The court has significant difficulties with this argument, which the parties have not addressed. Under the original lease agreement, Garden Fresh appears to have succeeded to the rights and obligations of LNT. (Am. Third-Party Compl. ¶¶ 15-16.) Thus, it is hardly clear that Garden Fresh should be regarded as a stranger to the original lease agreement of which, it appears, the guaranty was a part. The cases cited by Garden Fresh in support of its argument do not address comparable facts. Without clearer guidance from Illinois cases on this point, the court is disinclined to attempt to resolve this issue on an incomplete record.

## IV. Conclusion

The motion to dismiss is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: November 10, 2010